IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-10111-01-WEB |
| | ) | |
| EUSEBIO GUERRERO-SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

The defendant Eusebio Guerrero-Sanchez entered a conditional plea of guilty to Count 1 of an Indictment charging him with unlawful possession with intent to distribute one kilogram or more of a substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] The matter came before the court on March 1, 2010 for sentencing. This written memorandum will supplement the court's oral rulings at the sentencing hearing.

Defendant did not file any objections to the Presentence Report, although he filed a sentencing memorandum arguing for a sentence below the advisory guideline sentencing range of 70-87 months. The memorandum argues that the defendant's history shows he was hard-working, that he has no prior criminal history, that he acted merely as a "mule" in delivering the

---

[1] The defendant had no plea agreement with the Government in this case, but the parties executed a stipulation (Doc. 26) allowing the defendant to reserve his right to appeal this court's denial of his motion to suppress evidence. With regard to the motion to suppress, the court notes there was a typographical error on page 1 of the court's order denying that motion, in the second full paragraph, where it says that "at about 3:30 p.m. on September 9, 2009...." That date should read "September 8, 2009." The court hereby orders that the latter date be substituted in the order *nunc pro tunc*.

drugs, and that his history and characteristics "indicate that this was an [anomaly] and extremely unlikely to happen again." Doc. 30 at 3. The defense further argued at the sentencing hearing that a sentence below the guidelines was warranted.

After considering the factors in 18 U.S.C. § 3553(a), the court concluded that a sentence at the low end of the advisory guideline range – 70 months – was appropriate in this case.

The defendant's offense was serious; it involved a plan to distribute almost one-and-a-half kilos of heroin, a highly addictive and dangerous drug. The defendant was willing to transport a controlled substance for the purpose of distributing it, as recognized by his plea of guilty. Additionally, the fact that this is the defendant's first offense is already reflected in the advisory guideline range, which is based on the lowest criminal history category, and also in the reduction for the "safety valve," which provided a 2-point reduction and which allowed the court to impose a sentence below the ten-year mandatory sentence that would otherwise apply to his offense.

The evidence presented to the court shows that the defendant has been a hard-working and reliable employee. But that fact does not outweigh the need for the sentence to reflect the seriousness of this offense, to provide adequate deterrence, and the need to avoid unwarranted disparities among defendants with similar records who are found guilty of similar conduct. For these reasons and the reasons stated at the sentencing hearing, the court finds that a sentence of 70 months' imprisonment, together with the other terms of sentence stated at the hearing, is appropriate in this case.

Accordingly, defendant's request for a sentence below the advisory guideline range is denied. The Probation Officer in charge of this case shall see that a copy of this order is

appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   1st.   day of March, 2010, at Wichita, Ks.

> s/Wesley E. Brown
> Wesley E. Brown
> U.S. Senior District Judge